# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 99-6022EM

———

| | |
|---|---|
| In re: | * |
| | * |
| Alfred T. Rush, Jr., | * |
| | * |
| Debtor. | * |
| | * |
| Yvonne Rush, | * |
| | * |
| Plaintiff/Appellee, | * |
| | *  Appeal from the United States |
| v. | *  Bankruptcy Court for the |
| | *  Eastern District of Missouri. |
| Alfred T. Rush, Jr., | * |
| | * |
| Defendant/Appellant. | * |

———

Submitted: July 22, 1999
Filed: August 4, 1999

———

Before KRESSEL, WILLIAM A. HILL, and SCOTT, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

The debtor appeals from the judgment of the bankruptcy court[1] determining that certain debts to his ex-wife were excepted from his discharge. Because we think the

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

bankruptcy court applied the correct legal standard and its finding of fact were not clearly erroneous, we affirm.

## BACKGROUND

Alfred and Yvonne Rush were divorced pursuant to a judgment of the St. Charles County, Missouri, Circuit Court, dated June 15, 1998. Among other things, the divorce decree awarded Yvonne one-half of the marital portion of Alfred's Prairie Farms Dairy Thrift Incentive Plan, awarded the marital residence to Alfred, subject to a judgment lien in favor of Yvonne in the amount of $10,327.00, and required Alfred to pay indebtedness to St. Joseph's Health Center, GM Visa, Providian Visa Gold, and First USA MasterCard, totaling approximately $23,876.00. Alfred was awarded custody of the couple's child and Yvonne was ordered to pay Alfred $184.00 per month in child support.

On August 27, 1998, Alfred filed a chapter 7 case and on November 30, 1998, Yvonne filed a complaint to determine the dischargeability of certain debts under 11 U.S.C. § 523(a)(15). The bankruptcy court held a trial on January 25, 1999, and on February 17, 1999, entered a judgment dated February 10, 1999, in Yvonne's favor, determining the enumerated debts to be nondischargeable pursuant to § 523(a)(15).

On February 25, 1999, Alfred filed a motion "to Set Aside and/or Reopen," asking for relief from the judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.[2] By an order dated March 10, 1999, and entered on March 11, 1999, the bankruptcy court denied Alfred's motion.

Alfred then timely filed a Notice of Appeal, appealing only from the March 10, 1999, order denying his postjudgment motion, but did not appeal from the February 17, 1999, judgment.

---

[2] These Rules are applicable in this proceeding pursuant to Fed. R. Bankr. P. 9023 and 9024, respectively.

## DISCUSSION

Yvonne first raises two procedural issues which she urges as grounds for dismissal of this appeal.

### Timeliness of Appeal

She first argues that Alfred's postjudgment motion was untimely. She focuses on the date of the order, which was February 10, 1999. However, Rule 59(b) specifically provides that a motion for relief under Rule 59 shall be filed "no later than ten days after entry of the judgment." (Emphasis added.) Rule 60 provides only that a motion under that rule be made within a reasonable time or for certain stated reasons, not more than one year "after the judgment, order, or proceeding was entered or taken." As we have previously noted, "a document is entered when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document." U.S. v. Henry Bros. Partnership (In re Henry Bros. Partnership), 214 B.R. 192, 195 (8th Cir. BAP 1997) (citations omitted). Since the motion was filed within ten days of entry of the court's judgment, it was timely.

### Scope of Appeal

Yvonne also argues that because Alfred appealed only from the order denying Alfred's postjudgment motion, that we are without jurisdiction to review the merits of the original judgment. While the failure to specify that an appeal is being taken from the underlying judgment is a careless practice that we do not wish to encourage, an appeal from a Rule 59 order brings up for review all nonmoot orders entered by the bankruptcy court. Barger v. Hayes County Non-Stock Co-op (In re Barger), 219 B.R. 238, 245 (BAP 8th Cir. 1998). See also, Foman v. Davis, 371 U.S. 178, 181 (1962) (It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decision on the merits to be avoided on the basis of such mere technicalities.)

We therefore reach the merits of the bankruptcy court's judgment.

## § 523(a)(15)

The Bankruptcy Code contains two exceptions to discharge for obligations by a debtor to a spouse, former spouse, or child. Section 523(a)(5) has been a part of the Bankruptcy Code from its inception in 1979, and of the Bankruptcy Act well before that. It provides an exception to discharge for debts in the nature of "alimony, maintenance, or support." In 1994, Congress added § 523(a)(15) which created a new exception to discharge for a debt "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation . . . ." Between them, §§ 523(a)(5) and (15) would cover all debts owed by a debtor to a spouse, former spouse, or child resulting from a divorce or dissolution, except that § 523(a)(15) contains two opportunities for the debtor to avoid the operation of § 523(a)(15) by showing either:

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15)(A) and (B).

We have previously held that the burden of proof, both in terms of going forward with the evidence and the burden of persuasion is on the creditor, here Yvonne, to show only that the debt owed to her by the debtor, Alfred T. Rush, Jr., is a debt that arises from a divorce, other than one in the nature of alimony, maintenance, or support. The burden of going forward with the evidence and the burden of persuasion then shifts to the debtor, here Alfred, to prove either of the defenses. Moeder v. Moeder, 220 B.R. 52, 56 (BAP 8th Cir. 1998).

4

In its original judgment and its postjudgment order, the bankruptcy court correctly allocated this burden between the parties. In its judgment, the bankruptcy court held that "the debtor bears the burden of proof to establish that the debt sought to be discharged falls within the exception of either subparagraph (A) or (B) of 11 U.S.C. § 523(a)(15)." It held that the "debtor failed to plead or establish at trial, facts necessary to defeat the Plaintiff's prima facie case."

In its March 10, 1999, postjudgment order, the bankruptcy court held that the plaintiff had met her burden of showing that her debt was of the kind described in § 523(a)(15). The bankruptcy court then went on to find "the Debtor, however, failed to demonstrate an inability to pay the debt as required by that subsection and failed to show that 'on balance' the debts should be discharged because the benefit of discharge to the Debtor outweighed detriment to the Plaintiff. Thus, based upon the evidence presented, the Debtor failed to carry his burden under 11 U.S.C. § 523(a)(15)."

Alfred does not challenge the bankruptcy court's finding that Yvonne has met her burden under § 523(a)(15) nor does he challenge the bankruptcy court's finding that he has failed to meet his burden under § 523(a)(15)(B).

The only issue presented on appeal as described in Alfred's brief is "did the Bankruptcy Court commit plain error in ruling that the Appellant failed to meet the burden established in 11 U.S.C. § 523(a)(15(A)?" Although the appellant's appendix includes a number of documents, including the state court judgment with some financial attachments, as well as his own schedules and statement of affairs from his bankruptcy case, nothing in the record indicates that any of these documents were ever received in evidence. This lack of evidence in the record is consistent with the bankruptcy court's finding that Alfred did not "present evidence at trial that he lacked the ability to pay the debts claimed due by Ms. Rush from income or property not reasonably necessary to be expended for maintenance of the debtor's or a dependent's support, nor did he demonstrate that discharging a debt would result in a benefit to the debtor that outweighs the detriment to Ms. Rush."

5

While Alfred seems to assume, for purposes of the appeal, that some of these documents were in evidence, he has failed to provide us with a transcript from which we can determine whether or not these exhibits were actually received at trial. In the absence of a transcript or something else in the record, we can only conclude that there was no such evidence.[3] See Malone v. Payeur (In re Payeur), 22 B.R. 516, 519 (BAP 1st Cir. 1982) ("As it is Appellant's duty to arrange for this panel to have an adequate record on which to consider its argument, we conclude that Appellant has not met its burden of proving that the bankruptcy judge's finding . . . was clearly erroneous."); Burkhart v. FDIC (In re Burkhart), 84 B.R. 658, 660 (BAP 9th Cir. 1988); Bank of Honolulu v. Anderson (In re Anderson), 69 B.R. 105, 109 (BAP 9th Cir. 1986).

CONCLUSION

Based on the record we have, we conclude that the bankruptcy court's findings of fact were not clearly erroneous. Therefore, we affirm the judgment of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.

---

[3] Even if the documents in the appendix are part of the record, the bankruptcy court's findings of fact are not clearly erroneous.