# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————

No. 97-6098NE

———————

In re:                                      *
                                            *
Michael Moeder                              *
                                            *
     Debtor.                                *
                                            *
                                            *
Martha Moeder                               *
                                            * Appeal from the United
States
     Plaintiff-Appellee,             *    Bankruptcy Court
for the
                                     * District of Nebraska
     -v.-                                   *
                                            *
Michael Moeder                              *
                                            *
     Defendant-Appellant.            *
                                            *

———————

Submitted: March 13, 1998

Filed:    April 28, 1998

———————

Before KOGER, Chief Judge, SCOTT, and DREHER, Bankruptcy
Judges.

———————

DREHER, Bankruptcy Judge.

This appeal allows us to revisit the issue of the dischargeability of marital obligations under § 523 of the Bankruptcy Code. The bankruptcy court in this case held that certain debts owed to the debtor's former spouse are nondischargeable under 11 U.S.C. § 523(a)(5) and (a)(15).

After carefully considering the arguments of the parties and the record on appeal, we affirm in part and reverse in part.

# I.  BACKGROUND

Michael ("Michael") and Martha ("Martha") Moeder were married on November 20, 1982.  During their marriage, the parties adopted Nicole Michelle Moeder, a minor child born on September 13, 1990.  Eventually Michael and Martha separated, and, on March 22, 1996, they were divorced by decree entered in Nebraska state court.  Under the terms of the divorce decree, Martha was awarded sole custody of Nicole and Michael was ordered to pay child support in the sum of $265 per month until Nicole reached the age of majority, died or became emancipated.  In addition, the state court ordered Michael to: (1) pay alimony in the amount of $100 per month for a term of forty-eight months; (2) provide health insurance for Nicole; (3) pay 78% of all unreimbursed medical expenses incurred on Nicole's behalf; (4) pay a $985 outstanding debt to Nicole's child psychologist; and (5) pay to Martha the sum of $10,392 plus interest, representing Martha's share of the marital property awarded to Michael under the decree.

On September 24, 1996, Michael filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.  On October 24, 1996, Martha commenced the present adversary proceeding, seeking a determination that certain of Michael's obligations under the divorce decree are nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and (a)(15).  After conducting a trial on the issue, the bankruptcy court ruled that Michael's obligation to pay alimony, his obligation to pay Nicole's medical expenses, and his obligation to pay the child psychologist constituted nondischargeable "alimony, maintenance or support" under § 523(a)(5).  The bankruptcy court further ruled that Michael's $10,392 property settlement obligation constituted a nondischargeable property settlement pursuant to § 523(a)(15).  In making its decision under § 523(a)(15), the bankruptcy court found that Michael did not have the ability to pay his debt to Martha from his disposable income, but

3

nevertheless concluded that the debt was nondischargeable because the benefit to Michael of discharging the debt was outweighed by the detrimental effect that nonpayment of the debt would have on Martha.  Michael appeals.[1]

---

[1]      In addition to his appellate brief, Michael has submitted for consideration by the Court a Reply Brief and an Affidavit of John D. Rouse, to which Martha has objected.  In light of Michael's pro se status, we believe that a certain degree of flexibility is warranted, and we therefore deny Martha's motion to strike Michael's Reply Brief.  As for Michael's submission of the Rouse Affidavit, however, it is quite clear that the time for submitting evidence in this case has passed and we deny Michael's request to submit additional evidence on appeal.  Finally, as for Michael's objection to the admissibility of exhibit #16 (a letter from Dr. Konar), Michael failed to make this objection at trial and any objection he may have had has been waived.

## II. DISCUSSION

Section 523(a) of the Bankruptcy Code excepts certain categories of debts from a debtor's discharge granted under section 727, 1141, 1228(a), 1228(b) or 1328(b). Among the debts rendered nondischargeable by this provision are marital obligations owed to a spouse, former spouse, or child of the debtor incurred by the debtor in the course of a divorce or separation. Specifically, § 523(a)(5) of the Code excepts from discharge any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that --
>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 523(a)(5) (1994). Thus, under § 523(a)(5), a debt that is "actually in the nature of alimony, maintenance or support" of a spouse, former spouse, or child of the debtor" is nondischargeable in bankruptcy.

In 1994, Congress expanded the exception to discharge for marital obligations by adding § 523(a)(15) to the Bankruptcy Code. Section 523(a)(15) renders nondischargeable any debt:

not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless --

    (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependant of the debtor and, if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

<u>Id.</u> § 523(a)(15). Section 523(a)(15) excepts from discharge those debts arising out of marital dissolution proceedings that do not constitute nondischargeable alimony, maintenance or support under § 523(a)(5); i.e. property settlement awards. The legislative history of this provision indicates that it was added to the Bankruptcy Code to provide greater protection for nondebtor divorcing spouses who agree to take reduced alimony and support payments in exchange for an increased property settlement. H.R. REP. No. 103-385, at 54 (1994), <u>reprinted in</u> 1994 U.S.C.C.A.N. 3340, 3363. Thus, while a debtor's obligation to make a settlement of marital property would be dischargeable under § 523(a)(5), such an obligation is nondischargeable under § 523(a)(15), with two important exceptions: (1) subsection (A) of § 523(a)(15) provides that a property settlement award arising out of divorce proceedings is dischargeable where the debtor does not have the ability to pay the debt from disposable income; and (2) subsection (B) provides that such a property settlement award is dischargeable where discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to the

nondebtor spouse.  See Jodoin v. Samayoa (In re Jodoin), 209 B.R. 132, 139 (B.A.P. 9th Cir. 1997); Schaefer v. Deppe (In re Deppe), 217 B.R. 253, 259 (Bankr. D. Minn. 1998); Johnson v. Rappleye (In re Rappleye), 210 B.R. 336, 340 (Bankr. W.D. Mo. 1997); Williams v. Williams (In re Williams), 210 B.R. 344, 346 (Bankr. D. Neb. 1997); Wellner v. Clark (In re Clark), 207 B.R. 651, 655-56 (Bankr. E.D. Mo. 1997).

As we have previously stated, the question of whether a particular debt constitutes "alimony, maintenance or support" or rather constitutes a property settlement is a question of federal bankruptcy law, not of state law.  Tatge v. Tatge (In re Tatge), 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997) (citing Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir. 1983) (quoting H.R. REP. NO. 95-595, at 364 (1977))).  The crucial issue in making this determination is the intent of the parties and the function the award was intended to serve at the time of the divorce.  Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995); Adams v. Zentz, 963 F.2d 197, 200 (8th Cir. 1992); Williams, 703 F.2d at 1056; Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984).  Factors to be considered by the courts in determining whether an award arising out of marital dissolution proceedings was intended to serve as an award for alimony, maintenance or support, or whether it was intended to serve as a property settlement include, but are not limited to: the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments.  Tatge, 212 B.R. at 608; Kubik v. Kubik (In re Kubik), 215 B.R. 595, 599 (Bankr. D.N.D. 1997).  The bankruptcy court's determination of this issue constitutes a finding of fact that may be reversed only if it is clearly erroneous under the evidence presented.  First Nat'l Bank v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997); Kline, 65 F.3d at 750; Adams, 963 F.2d at 200; Williams, 703 F.2d at 1056.

Applying these principles to the first part of the bankruptcy court's holding, we have no trouble affirming the bankruptcy court's determination that Michael's obligations to pay alimony, medical expenses and the psychologist's bill are nondischargeable under § 523(a)(5).  The record before us

8

indicates that, in ordering Michael to pay these debts, the divorce court was concerned with balancing the income and earning capacities of the parties and with providing for the proper care and support of Nicole. Thus, we hold that the bankruptcy court's finding that these debts were intended to serve the function of "alimony, maintenance or support" was not clearly erroneous.

We reach a different conclusion with respect to the bankruptcy court's holding that Michael's obligation to pay Martha $10,392 plus interest is nondischargeable under § 523(a)(15), however. Although the court's finding that this debt was intended to serve the function of a property settlement rather than an award of alimony, maintenance or support is supported by the evidence, we believe that the bankruptcy court incorrectly applied the law in this case in two respects. First, the bankruptcy court found the property settlement debt in this case nondischargeable despite its specific finding that "the debtor does not have the ability to pay his obligations to his former spouse from income or property which is not reasonably necessary to be expended for his maintenance or support, and the support of his child, through child support payments." As discussed above, a property settlement award that otherwise qualifies for nondischargeability under § 523(a)(15) will be nevertheless dischargeable in bankruptcy if either of the two exceptions contained in subsections (A) and (B) apply. The bankruptcy court's finding, if upheld, would indicate that subsection (A) of § 523(a)(15) has been satisfied in this case and that the property settlement debt should therefore be dischargeable by the debtor.

Second, we think that the bankruptcy court improperly allocated the burden of proof in this case. In making its finding that Michael did not have the ability to pay under § 523(a)(15)(A), the bankruptcy court indicated that the evidence on Michael's ability to pay his debts was incomplete; that Michael's testimony was not credible; that Michael failed to recall specific information; that he was evasive and argumentative; and that he did not respond directly to questions asked of him. Despite this apparent failure of proof on the debtor's part, the bankruptcy court held that the burden fell on the objecting creditor to prove the *inapplicability* of an exception to nondischargeability under § 523(a)(15)(A), and

10

concluded that the debtor did not have the ability to pay because Martha had failed to prove otherwise. Although "several courts have grappled with the issue of burden proof" in § 523(a)(15) cases, see Crossett v. Windom (In re Windom), 207 B.R. 1017, 1020-21 (Bankr. W.D. Tenn. 1997), we think that the burden of proof lies with the debtor to show that an exception to nondischargeability under § 523(a)(15)(A) or (B) applies in a given case. It is true that in general the burden falls on the objecting creditor to prove an exception to discharge under § 523; nevertheless the majority of courts have ruled that, once the objecting

creditor proves that the debt constitutes a property settlement award incurred in the course of divorce proceedings, the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B). See Jodoin, 209 B.R. at 139; Rappleye, 210 B.R. at 340; Williams, 210 B.R. at 346; Clark, 207 B.R. at 655-56; Scigo v. Scigo (In re Scigo), 208 B.R. 470, 473 (Bankr. D. Neb. 1997); Wynn v. Wynn (In re Wynn), 205 B.R. 97, 101 (Bankr. N.D. Ohio 1997); Schmitt v. Eubanks (In re Schmitt), 197 B.R. 312, 316 (Bankr. W.D. Ark. 1996); Johnston v. Henson (In re Henson), 197 B.R. 299, 302-03 (Bankr. W.D. Ark. 1996); Bodily v. Morris (In re Morris), 193 B.R. 949, 952 (Bankr. S.D. Cal. 1996). See also Kirchner v. Kirchner (In re Kirchner), 206 B.R. 965, 970 (Bankr. W.D. Mo. 1997); Florio v. Florio (In re Florio), 187 B.R. 654, 657 (Bankr. W.D. Mo. 1995); Silvers v. Silvers (In re Silvers), 187 B.R. 648, 649 (Bankr. W.D. Mo. 1995) (holding that the debtor bears the burden of going forward with respect to § 523(a)(15)(A) and (B), but not the burden of proof). But see Marquis v. Marquis (In re Marquis), 203 B.R. 844, 847 (Bankr. D. Me. 1997); Greenwalt v. Greenwalt (In re Greenwalt), 200 B.R. 909 (Bankr. W.D. Wash. 1996); Willey v. Willey (In re Willey), 198 B.R. 1007 (Bankr. S.D. Fla. 1996); Dressler v. Dressler (In re Dressler), 194 B.R. 290, 302-03 (Bankr. D.R.I. 1996); Kessler v. Butler (In re Butler), 186 B.R. 371, 373-74 (Bankr. D. Vt. 1995) (holding that the objecting creditor has the burden of proving that the exceptions to nondischargeability contained in § 523(a)(15)(A) and (B) do not apply). We believe that the statutory language of § 523(a)(15) indicates that the exceptions contained in subsections (A) and (B) constitute affirmative defenses to nondischargeability which must be proven by the debtor to escape nondischargeability of the disputed debt. Therefore, although the bankruptcy court found that the debtor did not have the ability to pay his debts from disposable income under § 523(a)(15)(A), we conclude that the bankruptcy court improperly placed the burden of satisfying this test on the objecting

creditor, rather than on the debtor.  Accordingly, we believe that the bankruptcy court's decision under § 523(a)(15) must be reversed and remanded to the bankruptcy court for new findings of fact while placing the burden on the debtor to prove either of the exceptions to nondischargeability contained in § 523(a)(15)(A) or (B).

## III. CONCLUSION

We conclude that the bankruptcy court's decision under § 523(a)(5) should be affirmed, but that the bankruptcy court's decision under § 523(a)(15) incorrectly applied the law and improperly allocated the burden of proof. Accordingly, the bankruptcy court's decision is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

14