In re Henry THOMAS, Debtor.

Lawrence G. GILLESPIE, Plaintiff,

v.

Henry THOMAS, Defendant.

Bankruptcy No. 97–48877–172.
Adversary No. 97–4295–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 16, 1998.

Michael P. Bastian, St. Louis, MO, for Debtor/Defendant.

Bruce F. Hilton, Hilton, Gillespie & Kiesewetter, L.L.C., Kirkwood, MO, for Plaintiff.

Robert J. Blackwell, St. Louis, MO, Trustee.

## MEMORANDUM

JAMES J. BARTA, Chief Judge.

The trial of this matter was conducted on June 8, 1998. Lawrence G. Gillespie ("Plaintiff") appeared in person and by Counsel and presented testimony and other evidence on the record. Henry Thomas ("Defendant") appeared by Counsel and conducted cross examination and presented argument on the record. At the conclusion of the trial, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(1) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Plaintiff had represented the non-debtor former spouse of the Debtor in a non-bankruptcy proceeding that resulted in a "Judgment and Order of Court" filed on June 19, 1995. *Joint Exhibit B.* The specific matter that is the subject of this Adversary Proceeding appears at paragraph 6 as follows:

> 6. Father is ordered to pay to Mother's attorney, Eisen, Gillespie and Hilton, the sum of $4,000.00 as and for a portion of their fees for representation of Mother in these proceedings, for which execution may issue. This amount shall be considered to be an order for the support of the minor children.

*Joint Exhibit B, page 8, ¶ 6.*

Other portions of the non-bankruptcy judgment and order adjusted the Debtor's visitation rights, awarded Guardian Ad Litem fees, permitted relocation of the Debtor's

children, and left unchanged the original decree dated May 4, 1988, that dissolved the marriage of the Debtor and his non-debtor spouse. The non-bankruptcy order also struck the Debtor's motion for contempt and entered judgment "regarding modifying the Decree of Dissolution herein." *Joint Exhibit B, pg. 2.* The non-bankruptcy court found that at the time of entry of this award, the non-debtor former spouse had a monthly gross income in the amount of $1,465.48, and the Debtor had monthly income in the amount of $3,033.33. *Id.* at pg. 4.

■ The question of whether a particular debt is for maintenance alimony or support, or is a property settlement is a question of federal bankruptcy law, not of state law. *Williams v. Williams (In re Williams),* 703 F.2d 1055, 1056 (8th Cir.1983). Several factors may be considered by the Bankruptcy Court in reaching this determination, including the relative financial conditions of the parties at the time of the award in question. *See Moeder v. Moeder (In re Moeder),* 220 B.R. 52, 55 (8th Cir. BAP 1998). On consideration of the record submitted in this matter, the Court finds and concludes that the non-bankruptcy award that is the subject of this proceeding was intended by the non-bankruptcy Court as an award for child support; and that in fact, the award was in the nature of child support and therefore is not dischargeable under 11 U.S.C. § 523(a)(5). Nothing in the record suggests that the award was anything other than an award for child support.

■ The Parties have agreed that for purposes of this proceeding, the Plaintiff is a creditor of the Debtor, and that the Law Partnership that was awarded this amount as child support, assigned the judgment to the Plaintiff for consideration. *Joint Exhibit A,* ¶¶ 1, 4. The Debtor has argued that to the extent of the assignment, the debt is an exception to the nondischargeability established under Section 523(a)(5). A debt for child support is not dischargeable in a bankruptcy case, except to the extent that it is assigned to another entity, voluntarily, by operation of law or otherwise. *11 U.S.C. § 523(a)(5)(A).* Congress further qualified this exception to the exceptions to discharge by amending Section 523(a)(5)(A) in 1981 to recognize as nondischargeable, debts for maintenance, alimony and support that have been assigned pursuant to section 402(a)(26) of the Social Security Act or to the Federal Government or to a State or any political subdivision of such State. *Id.*

■ In the circumstances presented here, the Plaintiff performed legal services for the Debtor's former spouse at the time that the Plaintiff was associated with the partnership entity to which the award for child support was made. The child support award was made in connection with the provision of services provided by the Plaintiff. The assignment in this award was not an assignment of a debt in the sense that a new entity, unrelated to the child support proceedings, attempted to acquire a nondischargeable support obligation. The assignment was more in the nature of an apportionment of the value of the award of child support that had been received by the Plaintiff and the Partnership. The Court finds and concludes that this assignment was not an assignment to another entity that was intended to defeat the policy of not permitting the discharge of child support obligations in a Bankruptcy case.

The Debtor has also presented certain arguments in the nature of a defense under Section 523(a)(15). A consideration of these provisions requires an initial determination that the debt is not of a kind described in Section 523(a)(5). When, as here, a court has determined that the debt is not dischargeable as being a debt for maintenance, alimony or support, no further consideration of Section 523(a)(15) is required.

By separate order, the debt is held to be not dischargeable. The non-bankruptcy order entered an award of a money judgment against the Debtor. It is neither necessary nor appropriate to duplicate the award of a money judgment in this Adversary Proceeding. The Plaintiff holds a valid and enforceable state court money judgment against the

Debtor; said judgment is not dischargeable in this Bankruptcy case; and any claim for credit that might reduce the amount of the judgment upon collection can be raised by the Debtor at that time.