In re Gary Frank GROSSMAN, Debtor.

Cecilia Brown, Plaintiff,

v.

Gary Frank Grossman, Defendant.

Bankruptcy No. 00–31023.
Adversary No. 00–7051.

United States Bankruptcy Court,
D. North Dakota.

March 7, 2001.

Loren McCray, Beulah, ND, for Plaintiff.

Edwin W.F. Dyer, Bismarck, ND, for Defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

By Complaint filed October 10, 2000, the Plaintiff, Cecilia Brown ("Cecilia"), seeks a determination that a cash property settlement award of $4,000.00 and an award to her of a portion of the Debtor, Gary Frank Grossman's ("Gary"), pension are nondischargeable pursuant to section 523(a)(15) of the United States Bankruptcy Code. 11 U.S.C. § 523(a)(15). She additionally argues that the award of a share of Gary's pension benefits is unaffected by the discharge because the award created in her a vested property right.

Trial was held on February 27, 2001. From the evidence presented the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

After 26 years of marriage the parties were divorced by a Judgment and Decree of Divorce granted by the North Dakota State District Court for Burleigh County on February 14, 1994. (Civ. No. 92–C–195).

1.

During the marriage the parties experienced continuing financial difficulties and at times relied upon food stamps and fuel assistance to make ends meet. Gary, now age 55, was employed as an ironworker throughout the marriage until 1994, when, beset by physical problems, he became eligible for a disability pension from the North Dakota Ironworkers Pension Trust Fund as well as a social security disability benefit. Following the divorce, Gary remained disabled with respiratory problems and throat cancer. Presently, his sole source of income is a social security disability payment of $927.50 per month and the Ironworkers disability pension of $514.00 per month. He lives in a Bismarck, North Dakota apartment with an adult son and, according to Schedule "J", incurs living expenses of $1,406.00 per month inclusive of non-reimbursed drug expenses of $300.00 per month. Nothing in Schedule "J" suggests anything other than a very frugal lifestyle. At trial Gary stated that money is tight and that some months he must borrow from his son. The evidence suggests that because of his age and physical difficulties, it is unlikely Gary will be able to secure gainful employment in the future.

Upon reaching age 55, which occurred on April 12, 2000, Gary became entitled to receive an early retirement pension of $282.44 per month. As of April 12, 2000, this sum became a component of his monthly Ironworkers payment and reduced the $514.00 monthly disability payment he had been receiving by $231.56. As thus broken down, he is presently receiving a disability pension of $231.56 per month and an early retirement pension of $282.44 per month which total $514.00 in the aggregate.

Following the divorce, Cecilia remarried and, according to her testimony, she and her present spouse are in comfortable financial circumstances. She is under no physical or mental disability. Gary filed for relief under Chapter 7 on July 11, 2000.

2.

As relevant to the issues in contention, the Judgment and Decree of Divorce awarded specific farm machinery to Gary and directed that it be sold with $4,000.00 of the proceeds paid to Cecilia. The machinery has not been sold and Cecilia has not received any portion of the $4,000.00.

As regards the pension, the Decree provided as follows:

"At that point in time at which the defendant shall be entitled to and shall begin receiving payments from the pen-

sion plan through the Ironworkers Local No. 723 [793], the plaintiff shall be entitled to and shall be paid one-half of the sum that the defendant would otherwise be entitled to. A certified copy of this Order shall be served on the administrator for the Ironworkers No. 723 Pension Plan, prior to the time that such payments are to commence and the plan administrator shall reduce the amount of the monthly pension fund payment to which the defendant is entitled by one-half, and pay that amount directly to the plaintiff."

The pension plan administrator for Ironworkers Local No. 793 did receive a copy of the decree and did make a pension calculation stating in a letter that effective May 1, 2000, Cecilia would be entitled to fifty percent of $282.44 or $141.22. This award would have the effect of reducing Gary's overall payment by $141.22, leaving him with a monthly payment of $372.78 for life. As thus reduced, his total monthly income falls from $1,441.50 to $1,300.28.

### Conclusions of Law

#### 1.

■ Section 523(a)(15) excepts from discharge those debts arising out of marital dissolution proceedings that do not constitute nondischargeable alimony, maintenance or support under section 523(a)(5) and includes property distributions. Marital property distributions and awards are presumptively nondischargeable save for two alternative exceptions: subsection (A) of section 523(a)(15) provides that a property settlement award is dischargeable where the debtor does not have the ability to pay the debt in the face of the debtor's own basic living necessities; and subsection (B) provides for discharge where to do so would result in a greater benefit to the debtor than any detrimental consequences inuring to the non-debtor spouse. *In re Moeder*, 220 B.R. 52 (8th Cir. BAP 1998); *In re Beach*, 220 B.R. 651 (Bankr.D.N.D. 1998); *In re Straub*, 192 B.R. 522 (Bankr. D.N.D.1996). The debtor bears the burden of proof as to each of these alternative exceptions.

■ On the basis of section 523(a)(15)(A) the Court has no trouble reaching the conclusion that Gary does not have the present or future financial ability to pay either the $4,000.00 or suffer a fifty percent reduction in his retirement pension. He is already on the margin of financial viability and suffers from what appears to be fairly serious medical problems. His monthly expenses are by no means extravagant and even without any reduction in his Ironworkers payment, he is only able to get by through periodic help from his son. The evidence would also support discharge on the basis of section 523(a)(15)(B) since it appears from the evidence that Cecilia is financially secure in her present situation and would suffer little as contrasted to Gary, were the payments discharged.

Therefore, the Court concludes that on the basis of section 523(a)(15) the divorce created obligation to pay Cecilia $4,000.00 as well as paying her one-half of the pension fund are dischargeable. Section 523(a)(15), however, is not dispositive of the question at least as it pertains to the pension benefits.

#### 2.

■ As regards the award of pension benefits, the inquiry in this case does not end with section 523(a)(15).

The award to Cecilia of future pension benefits in this case must be distinguished from a present award of a sum representing her interest in the pension. The state court did not award Cecilia a present dollar amount representative of her interest but instead, awarded her a share in payments that were not yet due or payable but which were to become due and payable in April 2000, when Gary became eligible for retirement benefits. In *Bush v. Taylor*, 912 F.2d 989 (8th Cir.1990), the Eighth Circuit in an en banc decision, enunciated a distinction between a currently existing obligation and an award of payments that are obligations coming due in the future or post-petition. In that case, an ex-wife claimed one-half of the debtor's pension

benefits by virtue of a decree awarding her, as her sole and separate property, one-half of the pension benefits to which the debtor was entitled. In a later case, *Ellis v. Ellis,* 72 F.3d 628 (8th Cir.1995), the circuit considered the dischargeability of a cash award of $300,000.00 representing an ex-wife's interest in the debtor's pension plan. In *Bush,* the court found the award of benefits did not represent a pre-petition debt amenable to discharge because the payment to the ex-wife was not due or payable on the date the bankruptcy petition was filed. The debtor's entire obligation in consequence of the pension division could not be entirely dischargeable because it was not a pre-petition lump sum award as it was in *Ellis,* but instead became due in monthly increments and no monthly amount became a "debt" until it was due but unpaid.

Since the circuit issued it's *Bush* decision, courts have been careful to observe the distinction between present monetary awards and awards of benefits coming due in the future. Illustrative is the case of *In re Peterson,* 133 B.R. 508 (Bankr.W.D.Mo. 1991) involving a situation similar to the case at bar. There the ex-wife was awarded 12/30th's of each monthly pension disbursement made by General Motors to the debtor. Applying *Bush* to the facts, the bankruptcy court concluded that any pension monies not yet due and payable on the date of bankruptcy do not give rise to a "debt" amenable to being discharged. The reasoning of *Bush v. Taylor, supra,* controls the issue of dischargeability of the Ironworkers pension benefit awarded to Cecilia in this case. No present award of a monetary amount was made by the North Dakota divorce court in 1994. Rather, the court directed that when Gary became eligible to receive a retirement pension Cecilia would be entitled to one-half of each monthly payment. This entitlement arose on April 12, 2000, and from that point on Cecilia became entitled to a payment of $141.22 per month. Gary's Chapter 7 petition filed on July 11, 2000, provides the demarcation line between what may constitute dischargeable pre-petition debt and later obligations coming due post-petition. The Court concludes that those portions of Gary's pension benefit which became payable on a monthly basis from and after July 11, 2000, do not constitute a "debt" which can be discharged, irrespective of what otherwise might be the result under section 523(a)(15). Cecilia's right to continue receiving one-half of Gary's pension benefit is therefore nondischargeable despite the evidence bearing on dischargeability under section 523(a)(15).

### Conclusion

For the foregoing reasons, the sum of $4,000.00 remaining unpaid is discharged pursuant to section 523(a)(15)(A) and (B). The Plaintiff, Cecilia Brown, has a right to receive a portion of the Debtor/Defendant, Gary Frank Grossman's early retirement pension from Ironworkers Local No. 793 consistent with the Judgment and Decree of Divorce and said monthly payments are not dischargeable in this bankruptcy.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**