In re Amy J. EIKLENBORG, Debtor.

Troy Mesenbrink, Plaintiff,

v.

Amy J. Eiklenborg, Defendant.

Bankruptcy No. 01–02297.
Adversary No. 01–9213.

United States Bankruptcy Court,
N.D. Iowa.

Nov. 25, 2002.

Paul W. Demro, Cedar Falls, IA, for Amy J. Eiklenborg.

Timothy M. Sweet, Reinbeck, IA, for Troy Mesenbrink.

## ORDER RE: COMPLAINT TO DE-TERMINE DISCHARGEABIL-ITY

PAUL J. KILBURG, Chief Judge.

The matter before the court is Plaintiff's complaint to determine dischargeability of a debt. Trial was held October 8, 2002 in Cedar Rapids. Plaintiff Troy Mesenbrink was represented by Timothy Sweet. Debtor/Defendant Amy Eiklenborg appeared pro se. This is a core proceeding pursuant to under 28 U.S.C. § 157(b)(2)(I).

### FINDINGS OF FACT

Plaintiff and Debtor were married in April of 1994. The marriage was dissolved on May 24, 1999 in the Illinois Circuit Court of Livingston County. The Judgment for Dissolution of Marriage incorporates the parties' Marital Settlement Agreement ("Agreement"). The Agreement provides that the parties have joint legal custody of their minor children Jacquelyn Mesenbrink and Saddie Mesenbrink. It further stipulates that Plaintiff is the primary caretaker and Debtor is the non-residential parent.

The Agreement stipulates that Debtor is responsible for the payment of any outstanding debts to Cedar Falls Community Credit Union. Debtor is also responsible for outstanding debts to Grundy County REC Appliance Center, Reinbeck Veterinary, Grundy Veterinary, Hudson Hardware, Reinbeck Courier, and the Belden's account. Plaintiff seeks a determination that these obligations are nondischargeable under 11 U.S.C. § 523(a)(15) (2002).

The Agreement requires each party to pay one-half of all present and future health expenses for the minor children not covered by insurance. It further provides that "if either party has life insurance and/or accident insurance available through his employment, now or in the future, at no cost or minimal cost, each party must maintain such insurance solely for the benefit of the minor children until the youngest attains the age of 24 years."

The Agreement reserves all issues regarding payment of college, vocational, or other post-high school education. It also provides that the issue of child support is reserved until further order of the Illinois Circuit Court. Subsequently, the Iowa District Court of Hardin County ordered Debtor to pay periodic child support of $305 per month to Plaintiff. Plaintiff asserts these are support obligations that are nondischargeable under 11 U.S.C. § 523(a)(5) (2002).

The record indicates that Plaintiff received a diploma from Northern Iowa Community College and is currently employed full-time as a plant laborer where he makes $9.75 per hour. Debtor works 32–40 hrs per week at a retirement facility where she earns $8.55 per hour. Debtor's current husband earns approximately $30,000 per year as a hog farmer. Debtor has one child from this marriage. Debtor testified that she and her spouse share the expenses equally. Schedules I & J, however, do not list her husband's income and expenses.

Plaintiff asserts Debtor's obligations to the various creditors set out in the dissolution agreement constitute nondischargeable debts under § 523(a)(15). He also asserts that Debtor's obligation to provide child support, pay health expenses not covered by medical insurance, maintain life insurance or accident insurance, and cover post-secondary education costs are nondischargeable under § 523(a)(5).

### § 523(a)(15)

The dischargeability of non-support debt incurred in the course of a divorce is governed by § 523(a)(15) of the Code. This section provides that "a discharge under

727 of this title does not discharge an individual debtor from any debt—not of a kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation." 11 U.S.C. § 523(a)(15). To find a § 523(a)(15) debt nondischargeable, the court must initially determine whether the debt is one not of kind described in § 523(a)(5). *In re Fellner*, 256 B.R. 898, 902 (8th Cir. BAP 2001).

If the debt is a nonsupport property settlement award, a rebuttable presumption of nondischargeability is created. *In re Moeder*, 220 B.R. 52, 56 (8th Cir. BAP 1998). The burden then shifts to Debtor to establish that either: 1) she is unable to pay the debt; or 2) the benefit to her of discharging the debt would outweigh the detriment to Plaintiff. *Id.* Debtor must prove one of these exceptions to § 523(a)(15) by a preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### Ability to Pay

An inability to pay exists under § 523(a)(15)(A) if excepting a debt from discharge would reduce a debtor's income to below a level necessary for the support of the debtor and the debtor's dependents. *In re Hall*, No. 98–1035–W, slip op. at 4 (Bankr.N.D.Iowa Sept. 16, 1999) (citing *In re Anthony*, 190 B.R. 433, 436 (Bankr. N.D.Ala.1995)). To make this determination, the Court may consider factors similar to those applied in a Chapter 13 disposable income analysis under § 1325(b)(2). *In re Windom*, 207 B.R. 1017, 1021 (Bankr.W.D.Tenn.1997) (noting the language in § 523(a)(15)(A) is nearly identical to language in § 1325(b)(2)).

In calculating disposable income for purposes of Chapter 13, this Court looks at Debtor's current and future financial status, including potential earnings, and whether Debtor's expenses are rea-

sonably necessary. *In re Barker*, No. 97–01813–C, slip op. at 8 (Bankr.N.D.Iowa Apr.7, 1998) (citing *In re Jodoin*, 209 B.R. 132, 142 (9th Cir. BAP 1997)). In evaluating whether expenses are reasonably necessary, this Court seeks a balance between allowing a debtor a reasonable lifestyle and insuring a serious effort to pay creditors by eliminating "unnecessary and unreasonable expenses." *In re Beckel*, 268 B.R. 179, 183 (Bankr.N.D.Iowa 2001); *In re Gleason*, 267 B.R. 630, 633 (Bankr. N.D.Iowa 2001).

When conducting a § 523(a)(15) analysis, it is appropriate for a court to take into account the income of a second spouse. *In re Shea*, 221 B.R. 491, 499 (Bankr.D.Minn.1998). The court in *Shea* stated:

[W]hen supplemental income from a new spouse or live-in companion serves to alter the debtor's financial prospects, the Court must factor that consideration into its evaluation of [the debtor's] "ability to pay" .... Absent consideration of a new spouse's income and its debt-absorbing impact upon the family's finances, ... the Court cannot determine exactly what quantum of the debtor's own income truly is "necessary" for the support of himself and his dependents. Consequently, when applying the "ability to pay" standard of section 523(a)(15)(A), a court must consider the income of a new spouse or spousal equivalent in order to reach a complete satisfaction of the task before it.

*Shea*, 221 B.R. at 499–500. The court in *In re Adams*, 200 B.R. 630, 634 (N.D.Ill. 1996), also considered the financial situation of Debtor's second spouse when proceeding with § 523(a)(15) analysis. It is the opinion of this Court that these cases appropriately direct consideration of the income and expenses attributable to Debt-

or's current spouse when proceeding with the analysis.

### Benefit v. Detriment

■ The second prong of the alternative test under § 523(a)(15) requires the Court to determine whether the benefit to Debtor is greater than the detriment to Plaintiff in discharging the debt. *Fellner,* 256 B.R. at 904. In balancing benefit versus detriment, the Court compares the relative standards of living of the parties. *In re Lumley,* 258 B.R. 433, 437 (Bankr. W.D.Mo.2001). When a debtor's standard of living is greater than or equal to creditor's, discharge of the debt is not warranted. *In re Williams,* 210 B.R. 344, 347 (Bankr.D.Neb.1997). Conversely, if the debtor's standard of living falls materially below that of the creditor's, a court may grant a discharge under § 523(a)(15). *Id.*

■ Here, it is undisputed that the debt was a nonsupport property settlement award. Debtor has the burden to establish that either: 1) she is unable to pay the debt; or 2) the benefit to her of discharging the debt would outweigh the detriment to Plaintiff.

The record indicates that Debtor has a steady job earning slightly less than Plaintiff. Debtor's husband earns approximately $30,000 per year. Debtor testified that she and her husband share the expenses equally. Schedules I & J, however, do not include Debtor's husband's income and expenses. As Debtor has failed to present evidence necessary to establish a complete picture of her financial condition, the Court concludes she has failed to meet her burden of proof regarding her inability to pay.

Regarding the second prong of the alternative test under § 523(a)(15), Debtor testified that she and Plaintiff are equally incapable of paying these obligations. Accordingly, Debtor's testimony provides

conclusive evidence that her standard of living does not fall materially below that of Plaintiff's. Based on the record, this Court finds that Debtor has failed to establish either exception and the debts to Plaintiff are excepted from discharge in accordance with 11 U.S.C. § 523(a)(15).

### § 523(a)(5)

Plaintiff asks this court to find support debt nondischargeable pursuant to § 523(a)(5). This section provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

. . .

(5) to a spouse, former spouse, or child of debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, . . . , or property settlement agreement, but not to the extent that

. . .

(B) such debt includes a liability designated as alimony maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5)(B).

■ The party asserting the nondischargeability of a marital debt under § 523(a)(5) has the burden of proof. *In re Krein,* 230 B.R. 379, 382–83 (Bankr. N.D.Iowa 1999). The Court applies the preponderance of the evidence standard of proof. *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Section 523(a)(5) establishes three requirements that must be met before a marital support obligation becomes nondischargeable in bankruptcy: (1) the debt must be in the nature of alimony, maintenance or

support, (2) it must be owed to a former spouse or child, and (3) it must be in connection with a separation agreement, divorce, or property settlement agreement. *Krein,* 230 B.R. at 383.

The second and third elements of § 523(a)(5) are not in dispute. The first element constitutes the sole issue in this case, i.e., whether Debtor's obligation to provide child support, pay past and future health expenses, maintain life or accident insurance, and cover post-secondary education costs are in the nature of alimony, maintenance, or support.

■ In *In re Williams,* 703 F.2d 1055, 1057–58 (8th Cir.1983), the Eighth Circuit holds that "whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. ... [T]he crucial issue is the function the award was intended to serve." These pronouncements in Williams have been followed in *In re Morel,* 983 F.2d 104, 105 (8th Cir.1992) (issue is one of intent of the parties), and *Adams v. Zentz,* 963 F.2d 197, 199 (8th Cir.1992) (stating crucial issue is function award was intended to serve). This is a question of fact to be decided by the Court. *Adams,* 963 F.2d at 200.

### Intent of the Parties

■ "The crucial question is what function did the parties intend the agreement to serve when they entered into it." *In re McLain,* 241 B.R. 415, 419 (8th Cir. BAP 1999) (citing *Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984)). Numerous factors have been found to be indicative of such intent. *In re Voss,* 20 B.R. 598, 602 (Bankr.N.D.Iowa 1982). Courts that have identified relevant factors and discussed their importance have yet to settle on a common formula. *In re Michaels,* 157 B.R. 190, 193 (Bankr.D.Mass.1993).

■ This Court in *In re Green,* No. 99–01124–C, slip op. at 4 (Bankr.N.D.Iowa Mar. 14, 2000), stated that "the Third Circuit has concisely set out three primary indicators which subsume the multiple factors relevant to intent used by various courts." These factors are 1) the language of the agreement in the context of surrounding circumstances, 2) the parties' financial circumstances, and 3) the function served by the obligation at the time of the divorce or settlement. *Id.* The three "primary indicators" this test sets forth are not separate conditions but are three relevant factors in a single inquiry. *Michaels,* 157 B.R. at 194.

### Function of the Obligation

■ This Court finds that the function served by Debtor's obligation to provide child support, pay past and future health expenses, and maintain life or accident insurance presents conclusive evidence that the parties intended to create an obligation of support. Provisions for the payment of expenditures for necessities and the ordinary staples of everyday life are frequently reflective of a support function. *Williams,* 703 F.2d at 1057. It is axiomatic that child support payments provide the necessities of everyday life and are intended to function as a support obligation. As such, these obligations are nondischargeable.

Debtor's obligation to pay one-half of present and future health expenses not covered by medical insurance are nondischargeable. *See In re Olson,* 200 B.R. 40, 42 (Bankr.D.Neb.1996) (citing *In re Seibert,* 914 F.2d 102, 105 (7th Cir.1990), "As a general matter, medical expenses are in the nature of support."); *Draper v. Draper,* 790 F.2d 52 (8th Cir.1986) (support, educational expenses, and medical and

dental insurance obligations found to be nondischargeable).

Debtor's obligation to maintain life insurance or accident insurance for the benefit of the minor children in accordance with the Settlement Agreement is also not dischargeable in this case. The payment of the life insurance or accident insurance premiums has the effect of providing support for the former spouse and children in the event of the untimely demise of the insured. *See In re Pierce,* 142 B.R. 308, 309 (Bankr.E.D.Ark.1992); *In re Barac,* 62 B.R. 713, 717 (Bankr.E.D.Mo.1985).

■ The issue of whether post-secondary education costs are debts that are nondischargeable under § 523(a)(5)(A) is not ready for resolution at this time. The Settlement Agreement provides that all issues regarding payment of college, vocational, or other post-high school education are reserved. The record does not provide any indication that Debtor is or will be obligated to provide for these expenses. As such, it is appropriate to reserve this issue for determination when allocation of this debt is determined.

## CONCLUSION

This Court finds that Debtor did not satisfy her burden as to either exception under § 523(a)(15). Debtor did not provide sufficient evidence as to enable this Court to conclude whether Debtor has the ability to pay the loan obligation and debts to the various creditors. Moreover, Debtor's testimony provides conclusive evidence that her standard of living does not fall materially below that of Plaintiff. Therefore, these debts to Plaintiff are excepted from discharge pursuant to § 523(a)(15).

This Court further concludes that the function served by Debtor's obligation to provide child support, pay past and future health expenses, and maintain life or accident insurance presents conclusive evidence that the parties intended to create an obligation of support. Accordingly, these debts are nondischargeable under § 523(a)(5). This Court will not determine whether post-secondary education costs are nondischargeable under § 523(a)(5) since this issue is not ripe for resolution.

**WHEREFORE,** the Complaint to Determine Dischargeability of Debts Pursuant to § 523(a)(15) and § 523(a)(5) of the Code is **GRANTED.**

**FURTHER,** Debtor has failed to prove by a preponderance of the evidence an inability to pay, or that the benefit to her of a discharge would be greater than the detriment to Plaintiff in regard to Debtor's assumption of the loan obligation and debts to the various creditors. Thus, these debts are nondischargeable pursuant to § 523(a)(15).

**FURTHER,** Debtor's obligation to provide child support, pay past and future health expenses, and maintain life or accident insurance as set forth in the Marital Settlement Agreement is support and, therefore, excepted from discharge under § 523(a)(5).

**FURTHER,** Plaintiff seeks attorney's fees as a result of this adversary. There is no authority to award a prevailing Plaintiff attorney's fees in an adversary proceeding. As such, Plaintiff's request for an award of attorney's fees is denied.

**SO ORDERED** this 25th day of November, 2002.