In re Jerry PORTWOOD, Debtor.

Jerry E. Portwood, Debtor, Plaintiff,

v.

Gwendolyn S. Young, Defendant.

Bankruptcy No. 3:03–BK–72247.
Adversary No. 3:03–AP–07099.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Oct. 29, 2003.

Karen Pope Greenaway, The Legal Clinic, Fayetteville, AR, for Plaintiff.

## ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

This adversary proceeding comes before the Court on the debtor Jerry Portwood's "Complaint to Obtain Determination of the Dischargeability of a Debt" filed on June 12, 2003. The debtor seeks a determination by this Court that the debt owed to his former spouse, Gwendolyn S. Young [Young], set forth in the divorce decree as "alimony" was not in the nature of alimony, maintenance, or support for the former spouse or child pursuant to 11 U.S.C. § 523(a)(5)(B). Additionally, the debtor alleges that he does not have the ability to pay such debt, and the discharge of such debt would result in a benefit to him that substantially outweighs the detriment to Young.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

The debtor and Young were married on May 12, 1975, and had eleven children during the marriage. On September 15, 1999, the debtor and Young obtained a divorce decree in the Circuit Court of Taylor County, Florida. Pursuant to this decree of divorce, the debtor was ordered to pay Young $445.26 per month for child support for the minor children beginning October 1, 1999. In addition, the debtor was ordered to pay to Young a non-modifiable lump sum alimony in the amount of

$42,000.00 to be paid in monthly installments of $350.00 per month beginning October 1, 1999.

On April 9, 2003, the debtor filed a Chapter 7 petition in which he listed a debt for payments to Young pursuant to the Circuit Court of Taylor County, Florida, as an unsecured, non-priority debt. Subsequently, the debtor filed a complaint on June 12, 2003, to obtain determination of the dischargeability of the debt owed to Young. In the complaint, the debtor argued that the payments designated as alimony in the Circuit Court of Taylor County, Florida, were not in the nature of alimony, support, or maintenance of Young pursuant to § 523(a)(5)(B). He also argued that he should be discharged from such debt according to § 523(a)(15)(A) and (B), because he does not have the ability to pay Young such debt, and that discharging such debt would result in a benefit to him that substantially outweighs the detriment to Young. Young answered this complaint on June 16, 2003.

## DISCUSSION

Debts arising out of alimony from a divorce decree are generally excepted from discharge in a Chapter 7 bankruptcy proceeding. Specifically, § 523(a)(5) states that an individual debtor is not discharged from any debt to a former spouse or child in connection with a divorce decree. This debt includes a liability designated as alimony, maintenance, or support. 11 U.S.C. § 523(a)(5)(B). Initially, Young bears the burden of proving by a preponderance of the evidence that the debt was alimony, maintenance, or support. *Sturdivant v. Sturdivant (In re Sturdivant)*, 289 B.R. 392 (Bankr. W.D.Ark.2003). This initial burden was satisfied by the court taking judicial notice of the divorce decree, which labels the debt as alimony. The burden then shifted to the debtor to prove that the debt was not in the nature of alimony.

In order to determine the dischargeability of alimony, this Court is required to look behind the face of the state court's decree and determine the function that the state court award was intended to serve. *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983). Thus, the mere labeling of the obligation as alimony in the divorce decree is not binding. To make the determination of whether this debt is alimony pursuant to § 523(a)(5)(B), this Court considers numerous non-exclusive factors, including: (1) the income and needs of the parties at the time of the decree, (2) whether the obligation terminates on death or remarriage, (3) the number and frequency of payments, (4) the tax treatment of the obligation, and (5) the label given to the obligation in the decree. 4 Collier on Bankruptcy ¶ 523.11[6] (Lawrence P. King ed., 15th rev. ed. Supp.2003); *Moeder v. Moeder (In re Moeder)*, 220 B.R. 52, 55 (8th Cir. BAP 1998).

In her opening statements, counsel for the debtor stated that the debt owed to Young was not in the nature of alimony because the payments were not contingent on death or remarriage and the award was not to balance any disparity in income. However, no further evidence of these factors was presented by counsel at trial.

In the divorce decree, the state labeled the obligation of the debtor to Young "alimony." The court categorized this alimony as "lump sum alimony," which it distinguished from rehabilitative and permanent periodic alimony. Rehabilitative alimony is alimony payable for a short but specific and terminable period of time, which ceases when the recipient is, in the exercise of reasonable efforts, in a position of self-

**4**

support. According to the state court, Young did not offer the required plan to rehabilitate herself and was, therefore, not entitled to rehabilitative alimony. The state court also found that Young was not entitled to permanent periodic alimony. Permanent periodic alimony is used to provide for the needs and necessities of a former spouse in accordance to the lifestyle established during the marriage. However, the disparity in incomes between the two parties must be taken into account before this type of alimony can be awarded. Young was not awarded permanent periodic alimony because the debtor did not have the ability to pay it. The state court did find that Young was entitled to a lump sum alimony to be paid in monthly installment, in order to secure support from the debtor. Because the court labeled this obligation alimony and included an analysis of the three types of alimony available, this Court finds that the state court did intend this obligation to serve as spousal support.

Based on the above facts, the Court finds that the debt owed to Young is alimony and is non-dischargeable under 11 U.S.C. § 523(a)(5). Because the debt is non-dischargeable under § 523(a)(5), the Court need not address the debtor's § 523(a)(15) argument.

IT IS SO ORDERED