Edward P. McSWEENEY, Appellant,

v.

MARYLAND CASUALTY COMPANY, a
Corporation, Appellee.

No. 84–2040.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1985.

Decided Feb. 5, 1985.

Charles L. Merz, Padberg, McSweeney, Slater & Merz, P.C., St. Louis, Mo., for appellant.

Kortenhof & Ely, Joseph M. Kortenhof, St. Louis, Mo., for appellee.

Before BRIGHT, ARNOLD and BOW-MAN, Circuit Judges.

PER CURIAM.

In 1978, Thomas Lyons of the St. Paul law firm of Peterson, Lyons, Tews and Squires (the Peterson firm) and Edward McSweeney of St. Louis were co-counsel for a plaintiff named Smith in a personal injury lawsuit (the Smith case). Shortly after the filing of the Smith case, Lyons left the Peterson firm. Lyons and McSweeney continued to represent Smith and eventually won a judgment of $1,517,-226. The Maryland Casualty Company (Maryland), insurer to the defendant in the Smith case, paid $252,871 to McSweeney and $35,750 to Lyons in attorneys' fees. Lyons then paid $17,875 to the Peterson firm.

In 1983, the Peterson firm sued Maryland in Minnesota alleging that it had been deprived of its share of the attorneys' fees in the Smith case. Specifically, the Peterson firm alleged that McSweeney had been retained to assist the Peterson firm in the Smith case, that Lyons and McSweeney had agreed to divide equally a one-third

contingent fee in the Smith case, that the firm was entitled to one-half of the attorneys' fees to which Lyons had been entitled under the agreement, and that Maryland had, by wrongfully disbursing the fees, deprived the firm of its rightful share of the fees.

Maryland responded to the Peterson firm's suit by filing a third-party complaint against both Lyons and McSweeney alleging that it had made payments to them in full satisfaction of all attorneys' fees owing in the Smith case and that it was entitled to contribution and indemnity by Lyons and McSweeney for any judgment entered against it. The Peterson firm's suit against Maryland and Maryland's third-party complaint against Lyons were ultimately settled without any payment to the Peterson firm by either Maryland or McSweeney. Maryland's third-party complaint against McSweeney, having become moot, was dismissed by stipulation of the parties.

Shortly thereafter, McSweeney filed this suit against Maryland for malicious prosecution and abuse of process. McSweeney appeals the District Court's [1] grant of summary judgment for Maryland on McSweeney's claim of malicious prosecution.[2] We affirm the judgment of the District Court.[3]

■ In order to prevail in his action for malicious prosecution against Maryland under Minnesota law, McSweeney must plead and prove:

1) that Maryland brought suit without probable cause and with no reasonable ground on which to base a belief that it would ultimately prevail on the merits;
2) that Maryland instituted and prosecuted the suit with malicious intent; and
3) that the suit ultimately terminated in his favor.

*First National Bank of Omaha v. Marquette National Bank of Minneapolis,* 482

F.Supp. 514, 522–23 (D.Minn.1979), *aff'd,* 636 F.2d 195 (8th Cir.1980), *cert. denied,* 450 U.S. 1042, 101 S.Ct. 1761, 68 L.Ed.2d 240 (1981). Probable cause in a suit for malicious civil prosecution consists of such facts and circumstances as would warrant a cautious, reasonable, and prudent person in the honest belief that his or her action and the means taken in its prosecution are just, legal, and proper. *Id.* at 523.

McSweeney alleges that Maryland knew, prior to instituting suit as third-party plaintiff against him, that an agreement existed whereby he and Lyons would each receive one-half of the contingent fee, and that Lyons and the Peterson firm would divide equally Lyons' share of the fee. McSweeney also alleges that the Peterson firm's complaint did not allege any wrongful disbursement of attorneys' fees by Maryland to him. McSweeney therefore concludes that Maryland must have known that it was entitled to contribution or indemnity only from Lyons and thus that no probable cause existed for Maryland's suit against him.

■ The undisputed facts do not support McSweeney's argument. First, while it is true that the Peterson firm's complaint did not allege any wrongful disbursement of attorneys' fees to McSweeney in particular, that is because the complaint did not allege wrongful disbursement to any person in particular: the complaint merely alleged that due to wrongful disbursements by Maryland, the Peterson firm had not received its share of attorneys' fees in the Smith case. Second, while we assume that Maryland was aware that there had been originally an agreement for McSweeney and Lyons to divide equally the attorneys' fees in the Smith case, and for Lyons and the Peterson firm to divide equally Lyons' half of those fees, we note that McSweeney and Lyons specifically directed Maryland to

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. The abuse of process claim was voluntarily dismissed.

3. Although the District Court granted summary judgment for Maryland without opinion, this Court may affirm a judgment below on any ground for which there is support in the record. *See Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957).

pay to McSweeney more than 87% of the attorneys' fees disbursed, indicating that McSweeney and Lyons were not abiding by the earlier agreement. We also note that the Peterson firm's lawsuit was not against Lyons for one-half of the 13% of the money disbursed to him (which was an amount it had already received), but against Maryland for a percentage of the total award of fees.

Under these circumstances, we do not believe that it is reasonable to infer that Maryland knew that it was not entitled to contribution or indemnity from McSweeney. We believe that a cautious, reasonable, and prudent person in Maryland's position would honestly have believed that its action against McSweeney was just, legal, and proper. We therefore hold that probable cause existed as a matter of law for Maryland's third-party complaint against McSweeney for contribution and indemnity. This is, of course, not a holding that Maryland would have been entitled to indemnity or contribution from McSweeney had the Peterson firm's suit not been settled. Rather, we simply hold that the undisputed facts show that McSweeney does not have a legally sufficient claim of malicious prosecution, and that the District Court therefore was correct in granting summary judgment for Maryland.

The judgment of the District Court is affirmed.