48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Inalene LANG, Appellant,
v.
FARMERS HOME ADMINISTRATION, United States of America, FmHA, Appellee.
 No. 94-2516.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 24, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Inalene Lewis Lang appeals the district court's[1] judgment affirming the bankruptcy court's[2] dismissal of her Chapter 13 petition. We affirm.
 
 
 2
 The background facts and procedural history of this case are set out in detail in Lewis v. United States, Farmers Home Admin., 992 F.2d 767, 769-70 (8th Cir. 1993). Briefly, under an interest credit agreement with the Farmers Home Administration (FmHA), Lang received a subsidy for her interest payments on her FmHA mortgage. After FmHA terminated the interest credits, Lang became delinquent on her mortgage payments, and the FmHA foreclosed. Although Lang argued the FmHA had wrongfully terminated her interest credits, the district court concluded that, even if Lang were credited with the amounts to which she claimed she was entitled, she still was in default on her loan. This court affirmed in an unpublished opinion. United States v. Lewis, 923 F.2d 859 (8th Cir. 1990) (per curiam) (Table).
 
 
 3
 The day before the scheduled foreclosure sale, Lang filed her Chapter 13 bankruptcy petition. The bankruptcy court sustained objections to Lang's proposed plan, the district court affirmed, and Lang appealed to this court. We remanded for want of a final, appealable order. Lewis, 992 F.2d at 774. Since our remand, the bankruptcy court has entered a memorandum opinion again sustaining objections to Lang's plan and also dismissing her petition. The court concluded that Lang's proposed plan was not feasible under 11 U.S.C. Sec. 1325(a)(6) because her monthly payments and expenses would exceed her income, and that the doctrine of res judicata barred Lang from relitigating the issue of whether the FmHA had wrongfully terminated her interest credits. The district court affirmed, and both this court and the district court denied a stay of the foreclosure sale pending further appeal. The FmHA purchased Lang's property at the foreclosure sale in July 1994.
 
 
 4
 In this appeal, Lang continues to assert that the FmHA wrongfully terminated her interest credits. She argues her failure to obtain a stay of the foreclosure sale does not render her appeal moot, because the FmHA did not purchase her property in good faith and because she seeks a refund from the trustee under 11 U.S.C. Sec. 1326(a).
 
 
 5
 When reviewing the bankruptcy court's decision, this court acts as a second court of review, and reviews the bankruptcy court's legal conclusions de novo and findings of fact for clear error. Montgomery v. Ryan (In Re Montgomery), 37 F.3d 413, 414-15 (8th Cir. 1994).
 
 
 6
 To the extent Lang seeks the recision of the sale of her property and reinstatement of her interest credit, her appeal is moot. Cf. Markstein v. Massey Assoc., 763 F.2d 1325, 1327 (11th Cir. 1985) (court of appeals is powerless to rescind foreclosure sale and absent stay of sale pending appeal, debtor's appeal from bankruptcy court's order permitting foreclosure is moot); Van Iperen v. Production Credit Assoc. of Worthington (In re Van Iperen), 819 F.2d 189, 191 (8th Cir. 1987) (citing Markstein with approval and holding foreclosure sale of collateral mooted debtor's appeal claiming that collateral was exempt from foreclosure). In any event, we agree with the bankruptcy court that res judicata bars relitigation of the interest-credit issue. See Kolb v. Sherer Bros. Fin. Servs., 6 F.3d 542, 544 (8th Cir. 1993) (federal four- part test for res judicata).
 
 
 7
 Lang's argument that the FmHA was not a good faith purchaser is not properly before this court. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985) (this court will not consider issue raised for first time on appeal absent showing of manifest injustice). While Lang could not have raised this argument until the sale occurred, she then could have raised it below in a motion to set aside the foreclosure under 11 U.S.C. Sec. 105(a), see Otoe County Nat. Bank v. Easton (In re Easton), 882 F.2d 312, 315 (8th Cir. 1989), or in an objection to the confirmation of the sale. We also decline to address Lang's argument, raised for the first time on appeal, that she is entitled to a refund from the trustee. See Ryder, 752 F.2d at 332. We grant Lang's motion to correct her reply brief and file updated indexes to her appendices.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas
 
 
 [2]
 The HONORABLE ROBERT F. FUSSELL, United States Bankruptcy Judge for the Western District of Arkansas