# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6064ND
No. 03-6065ND
No. 03-6066ND

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Power Equipment Company, LLC, | * | |
| Hydra Mac, Inc., and | * | |
| Power Equipment Corporation, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Power Equipment Company, LLC, | * | Appeal from the United States |
| Hydra Mac, Inc., and | * | Bankruptcy Court for the |
| Power Equipment Corporation, | * | District of North Dakota |
| | * | |
| Debtors - Appellants. | * | |
| | * | |
| v. | * | |
| | * | |
| Case Credit Corporation, | * | |
| | * | |
| Movant - Appellee. | * | |

_____

Submitted: March 25, 2004
Filed: May 14, 2004

_____

Before KRESSEL, Chief Judge, DREHER, and MAHONEY, Bankruptcy Judges.

_____

MAHONEY, Bankruptcy Judge.

Debtors appeal an order of the bankruptcy court[1] granting relief from the automatic stay to Case Credit Corporation (hereinafter "Case") to enable it to continue pre-petition litigation in Pennington County, Minnesota. We affirm.

## FACTUAL BACKGROUND

In the Minnesota litigation, Case was attempting to obtain a declaratory judgment that none of the debtors were owners of the real estate and improvements used by the debtors in the operation of their business. Case had obtained one or more judgments against a separate entity, Magnum Resources, and another company with a name similar to that of one of the debtors, Hydra Mac International, Inc. Case transcribed the judgments as liens against the property located in Pennington County, Minnesota, and desired to foreclose the liens. Because record title to the real estate was in one or more of the debtors, rather than in the name of either Hydra Mac International, Inc., or Magnum Resources, Inc., Case requested a declaratory judgment determination that, because of earlier transactions between the debtors and others, including Magnum Resources, Inc., and the execution of an unrecorded warranty deed transferring the title from the debtors, the debtors no longer had any ownership interest in the real estate.

Pre-petition, a state court judge entered a default judgment against the debtors determining that the debtors had no legal title to the property. Upon a motion for reconsideration, the default judgment was set aside, but the debtors were ordered to post a bond in the amount of $1,000,000. Being unable to post such a bond, they filed Chapter 11 cases.

---

[1]The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

At the time of the bankruptcy petition, the state court case was scheduled for trial to begin within two weeks of the bankruptcy petition date. The state court judge had a number of motions pending before him, but had nonetheless scheduled the start date for the trial.

Upon receiving notice of the bankruptcy filing, the state court judge cancelled the trial and set a scheduling conference for September 8, 2003.

Case filed a motion for relief from the automatic stay on August 7, 2003. In the motion, Case explained the history of the state court litigation and explained that the real property at issue in the Pennington County lawsuit was the only major asset left in any of the debtors' estates.

The hearing on the motion for relief from the automatic stay was held on September 3, 2003. At the hearing, Case took the position that the appropriate forum for litigating the ownership of the real estate in question was in the state court where the matter had been pending for some time and was ready for trial. The bankruptcy judge entertained lengthy oral arguments, and Case emphasized in response to arguments by counsel for the debtors and counsel for another judgment creditor that

> The very purpose of our trial is to determine that Magnum Resources, who we have a three plus million dollar judgment against, was the title owner of record of the property. It's a declaratory judgment action. It is an issue of who owns the property. It is entirely relevant to this bankruptcy case. If Magnum Resources is adjudicated the owner of this property, there is nothing to reorganize. So far from being irrelevant, it is entirely relevant.

Tr. of Sept. 3, 2003, hearing, at 28:14-22 (Debtors/Appellants' App. 00035).

3

In addition, Case argued that if the title issues had to be tried in the bankruptcy court in North Dakota, the bankruptcy court in North Dakota did not have jurisdiction over all of the parties to the Minnesota litigation.

At the end of the hearing, the bankruptcy judge entered an oral ruling granting the motion for relief from the automatic stay. In support of his oral order, the judge stated:

> Counsel, as you are aware, the parties did present me with rather voluminous documentation. I can't think of what else could possibly be added to that which has already been included.
>
> I have to conclude principally, because this case was only a few weeks away from going forward for trial within the Minnesota state courts, that cause has been established for relief from stay. I am not going to go so far as to say that there is no prospect for reorganization. I don't believe at this juncture it is possible to say so, but that may well be the case, in any event.
>
> Nonetheless, I do conclude that grounds exist for relief from stay for cause under 362(d)(1), and for that reason, I am granting the requested motion by Case Credit Corporation for relief from the automatic stay in the case of Power Equipment Company, LLC, Hydra Mac, Inc., and in the case of Power Equipment Corporation.

Tr. of Sept. 3, 2003, hearing, at 31:10-32:3 (Debtors/Appellants' App. 00038-39).

The oral ruling stated on the record at the end of the hearing on September 3, 2003, was memorialized in a written order dated September 9, 2003, and filed September 9, 2003, with the Clerk of the United States Bankruptcy Court for the District of North Dakota.

4

On September 8, 2003, prior to the entry of the written order by the bankruptcy court judge, the state court judge presiding over the Pennington County, Minnesota, litigation held a scheduling hearing. That hearing had been scheduled by the judge when the bankruptcy petition was filed and he had cancelled the trial in the matter. Neither North Dakota bankruptcy counsel nor Minnesota trial counsel for the debtors appeared at the scheduled hearing. Minnesota trial counsel for Case informed the state court judge of the oral ruling by the bankruptcy judge five days before. Upon being informed that the bankruptcy judge had orally ordered from the bench that the stay was to be lifted, the Minnesota judge, noting the absence of counsel for the debtors, reinstated the Findings of Fact, Conclusions of Law, and Order for Judgment dated March 14, 2003, in which he had found title to the real property in question was vested in Magnum Resources, Inc., and the debtors had no ownership interest in or right to possession of the real property. That order was signed on September 10, 2003, and filed of record on September 15, 2003. Appellee's App. at 058-060.

The judgment in favor of Case in the Pennington County state court case was appealed to the Court of Appeals of the State of Minnesota. Appellee's App. at 054. At the time of the arguments before the Bankruptcy Appellate Panel on March 25, 2004, the appeal was still pending in the Minnesota state courts.

## JURISDICTION

The bankruptcy appellate panel must determine, independently of any consent by the parties, its jurisdiction.[2] In this case, to determine our jurisdiction, there are two issues that must be considered. First, the court must consider the effect, if any, of the Rooker-Feldman doctrine. This doctrine evolved from two United States

---

[2]*Weihs v. Kenkel (In re Weihs)*, 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999) (citing *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379 (1884)).

Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

> In *Feldman*, the Supreme Court held that lower federal courts possess no power whatsoever to sit in direct review of state court decisions.[3]  In *Rooker*[,] the Supreme Court held that no court of the United States, other than the United States Supreme Court[,] could "entertain a proceeding to reverse or modify the judgment of a state court."[4]  The Eighth Circuit holds that the Rooker-Feldman doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."[5]

*Portwood v. Young (In re Portwood)*, ___ B.R. ___, Case No. 04-6001WA, slip op. at 7 (B.A.P. 8th Cir. Apr. 30, 2004).

The Rooker-Feldman doctrine, therefore, prohibits us from reviewing the validity of the state court decision in the Pennington County, Minnesota, case.  That case is on appeal in the Minnesota courts, and this court is prohibited from reviewing any determination by the Minnesota appellate courts.

However, the decision by the Minnesota state court is not a matter that is before this Bankruptcy Appellate Panel.  The question before this panel is whether the bankruptcy judge had sufficient material before him to make a factual determination that cause existed to grant relief from the automatic stay to permit the Pennington County, Minnesota, case to proceed.  Adjudicating that issue on appeal

---

[3]*Feldman*, 460 U.S. at 482.

[4]*Rooker*, 263 U.S. at 416.

[5]*Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000), cert. denied, *Halbman v. St. Louis County*, 531 U.S. 1183 (2001); see also *Snider v. City of Excelsior Springs, Missouri*, 154 F.3d 809, 811 (8th Cir. 1998).

does not undermine the state court decision. If, for example, we were to determine that the bankruptcy judge had erred, and therefore we reversed the grant of relief from the automatic stay, such reversal would have no impact on the state court decision that was rendered following the grant of relief from the automatic stay. That state court decision is on appeal and the reinstatement of the automatic stay would be effective to stay the appeal. *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993). Even so, reinstatement of the automatic stay and its effect of stopping proceedings in the state appeals court causes no more interference with the state court judicial process than would have existed if the original state court judgment had been rendered prior to the bankruptcy petition being filed. In that scenario, if the debtors had appealed the state court decision and then filed the bankruptcy petitions, the automatic stay would have stopped the appeal from proceeding until one of the parties obtained relief from the automatic stay to allow the appeal to go forward. *Farley*, 2 F.3d at 275. Therefore, the Rooker-Feldman doctrine does not preclude this court from adjudicating the issue before it. *See Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 329 F.3d 948, 951 (8th Cir. 2003).

The second aspect with regard to the question of jurisdiction is mootness. This court, in its extensive discussion of the issue of mootness of an appeal in *Blackwell v. Lurie (In re Popkin & Stern)*, 234 B.R. 724 (B.A.P. 8th Cir. 1999), *rev'd on other grounds*, 223 F.3d 764 (8th Cir. 2000), stated the following:

> An appeal is moot when it is impossible for the court to grant "any effectual relief whatever" to a prevailing party. *See Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895). An appeal is moot when the reviewing court is incapable of restoring the parties to their original position. . . .
>
> Mootness arises frequently in the context of bankruptcy when property is sold or relief from stay is granted and foreclosure proceedings move ahead. In those cases, an appeal is almost always

7

moot because a stay pending appeal was not obtained and the property at issue has been transferred to a good faith, third party purchaser. . . . Even when the good faith purchaser is also the creditor, the appeal is moot. *See Lang v. Farmers Home Admin.*, 48 F.3d 1224, 1995 WL 74499 (8th Cir. 1995) (unpublished decision).

In *Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 192-94 (8th Cir. BAP 1997), we defined the mootness doctrine as a statutorily and judicially created finality rule based upon "the occurrence of events which prevent an appellate court [from] granting effective relief . . . and the particular need for finality in orders regarding stays in bankruptcy," and we held that the rule applies in situations other than bankruptcy trustee sales of debtor property. We held that "unless a stay is obtained, an order approving a sale of property will not be affected on appeal." *Id.* at 193, citing *Plotner v. AT & T*, 172 B.R. 337, 340-41 (W.D. Okla. 1994).

*Blackwell v. Lurie (In re Popkin & Stern)*, 234 B.R. at 727 (internal citations omitted).

This court has also addressed the issue of mootness in *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885 (B.A.P. 8th Cir. 2001):

Fundamentally, mootness is a constitutionally imposed limit on the jurisdiction of federal courts; a federal court may only exercise its jurisdiction over cases or controversies. *U.S. Const., Art. III*, § 2, cl. 1. "'[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1950, 23 L. Ed. 2d 491 (1969)). A case is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293 (1895). When circumstances change while an appeal is pending that make it impossible for the court to grant

"any effectual relief whatsoever" to a prevailing party, the appeal must be dismissed as moot. *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12-13, 113 S. Ct. 447, 449, 121 L. Ed. 2d 313 (1992). If, however, there is a possibility of recovery to which an appellant might be entitled or some measure of effective relief that can be fashioned, then the appeal is not moot. *Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.)*, 119 F.3d 852, 856 (10th Cir. 1997).

*Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. at 895.

In this case, after relief from the automatic stay was granted, the state court entered a declaratory judgment determining that none of the debtors had right, title or interest in the real property in question, and the state court judgment determined the priority of judgment liens as between Case and other judgment lien creditors. Those issues are all on appeal in the Minnesota state appellate court. If we were to reverse the determination by the bankruptcy court that cause existed to grant relief from the automatic stay to permit the continuation of the state court litigation which is now before the Minnesota state appellate court, such reversal would have no effect on the validity of the declaratory judgment, nor would it have a substantive effect on the appeal. The Minnesota appellate court has complete jurisdiction to determine the issues before it. Reversal of a bankruptcy court grant of relief from the automatic stay does not divest the Minnesota state appellate court of such jurisdiction even if the Minnesota appellate process is somewhat delayed by the reinstatement of the automatic stay. *See Bunch v. Hoffinger Indus., supra.*

The relief that can be afforded to the debtors by this court reversing the bankruptcy court is limited to the following: reversal would result in reinstatement of the automatic stay. That reinstatement may slow the appellate process, but, nonetheless, the appellate process must be completed because the state courts have jurisdiction over the question of title to the property, and the bankruptcy court does not have such jurisdiction as a result of the grant of relief from the automatic stay

9

initially. If the appellate court were to affirm the state court judgment after the parties received relief from the automatic stay to complete the appellate process, a reversal of the bankruptcy court decision by this court will have no effect and will grant the appellant no relief. On the other hand, if the Minnesota appellate court reverses the state trial judge and sets aside the declaratory judgment determining title, and remands the case for trial, reinstatement of the automatic stay would divest the state trial court of jurisdiction over the title issue. The issue of the ownership interest of one or more of the debtors in the real property in question would then be once again before the bankruptcy court. Therefore, in a convoluted and complex route, this court can give effective relief to the appellant in the limited circumstances described above.

Because this court can give some effective relief to the appellant, the issue on appeal is not moot and this court has jurisdiction to decide the appeal.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses. *Portwood*, *supra*, slip op. at 3.[6] This court reviews the legal conclusions of the bankruptcy court *de novo. Id.*[7] The decision to grant or deny relief from the automatic stay is within the discretion of the bankruptcy court and, as such, is reviewed for abuse of discretion. *Wiley v. Hartzler (In re Wiley)*, 288 B.R. 818, 821 (B.A.P. 8th Cir. 2003). An abuse of discretion will be found only if the

_____

[6]citing *Gourley v. Usery (In re Usery)*, 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997)); Fed. R. Bankr. P. 8013.

[7]citing *First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan)*, 108 F.3d 886, 888 (8th Cir. 1997).

bankruptcy court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. *Id.*[8]

DISCUSSION

At the hearing on the motion for relief from the automatic stay, the bankruptcy court had before it the eight-page motion and attached exhibits. Debtors'/Appellants' App. at 00043; Appellee's App. at 006. The exhibits included a copy of a state court complaint and a judgment thereon in the amount of $3,000,000 in favor of Case and against Magnum Resources, Inc., and D & E Machining, Inc. It also had Exhibit C to the motion for relief which is an amended complaint filed in the court case in Pennington County, Minnesota, seeking a declaration from that court that Magnum Resources, Inc., is the fee owner of the real property. In addition, it had as Exhibit D to the motion a transcript of the testimony of Jerome Kutil, a representative of the debtors, from the Section 341 meeting of creditors. That testimony supported the argument made by Case that the reason debtors filed for bankruptcy was to keep the Case declaratory judgment action from going forward, and that testimony supported Case's argument that the debtors feel the "primary asset" of Hydra Mac, Inc., is the production facility located on the real property. In addition to the above, the court had before it a Memorandum of Law in Support of Motion for Relief from the Automatic Stay. That document, at page 2, cites authority for granting relief to resolve certain issues in the state court as more economical and convenient than to use a bankruptcy forum. Debtors'/Appellants' App. at 00053; Appellee's App. at 016.

The court also had written responses by each of the debtors containing a statement of facts and legal arguments. Debtors'/Appellants' App. at 00060-00127.

---

[8]citing *Blan v. Nachogdoches County Hosp. (In re Blan)*, 237 B.R. 737, 739 (B.A.P. 8th Cir. 1999).

11

Neither the bankruptcy judge's oral order entered on the record on September 3, 2003, nor the bankruptcy judge's written order filed on September 9, 2003, give much detail with regard to the factual findings upon which the court relied in granting the relief requested. However, even though the bankruptcy court did not make detailed factual findings, an appellate court may affirm on any basis supported by the record. *McSweeney v. Maryland Cas. Co.*, 754 F.2d 271, 272 n. 3 (8th Cir. 1985). In that case, the court stated, "[A]lthough the District Court granted summary judgment for Maryland without opinion, this Court may affirm a judgment below on any ground for which there is support in the record. *See Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S. Ct. 307, 308, 1 L. Ed. 2d 314 (1957)." *See also ARE Sikeston Ltd. P'ship v. Weslock Nat'l, Inc.*, 120 F.3d 820, 828 (8th Cir. 1997) ("[W]e may affirm the district court's grant of summary judgment to Weslock National and Westinghouse 'on any grounds supported by the record.'").

The oral order of the bankruptcy judge relied upon all of the materials that were before the court at the hearing and which have been described above. The bankruptcy judge concluded that grounds existed for relief from stay for cause under Section 362(d)(1). In the written order entered on September 9, 2003, the bankruptcy judge stated:

> Based upon the pleadings, arguments of counsel, and the records and file herein:
>
> IT IS HEREBY ORDERED:
>
> 1. Case Credit shall be granted immediate relief for [sic] the automatic stay imposed pursuant to 11 U.S.C. § 362(a) with respect to Case Credit's pending State court action now captioned in Pennington County, Minnesota against the Debtor .

Debtors'/Appellants' App. at 00003.

12

The record, as described above, shows that there was state court litigation pending pre-petition. It further shows that the bankruptcy cases were filed to stop the state court litigation and to avoid the imposition of a bond requirement. The property which was the subject of the state court litigation was property the debtors believed was necessary to an effective reorganization. The state court litigation concerned the right, title and interest of one or more of the debtors in the real estate in question. The state court litigation was ready for and scheduled for trial within weeks of the date the bankruptcy petitions were filed. The state court had personal jurisdiction over all parties to the case. The bankruptcy court did not have personal jurisdiction over all parties to the case. The issue of right, title or interest of the debtors in the property in question needed to be decided prior to preparing, filing and balloting on any proposed plan of reorganization by the debtors.

All of these factors are subsumed in both the oral order and the written order entered by the bankruptcy judge. All of those factors support the granting of relief from the automatic stay to permit the case to proceed in the state court.

In conclusion, the bankruptcy judge did not abuse his discretion in lifting the automatic stay to permit continuation of the state court litigation. The decision of the bankruptcy court is affirmed.

_____